# IN THE MATTER OF BERMUDEZ HERMANOS, Bankrupts.

San Juan, Bankruptcy, No. 131.

ON CONFIRMATION OF COMPOSITION.

Bankruptcy—Creditors not Proving Claim.

     1. Ordinarily creditors who have not proved their claims have no standing in court, but this does not follow in the matter of a composition, which under the law has to be paid to all creditors scheduled.

Composition—Approval by Judge.

     2. The agreement of a majority in number and value of creditors who have proved their claims is prima facie evidence that the composition is proper, but it is not binding upon the court, regardless of whether opposition is made or not.

Composition—Small Offer.

     3. Where the bankrupt. offers a composition of 10 per cent, and the schedules filed by him show assets aggregating 50 per cent of the liabilities, the court will not confirm an offer of 10 per cent payable at long intervals, without some direct proof that it is to the interest of the creditors. The referee not having made any recommendation, the matter may be referred back to him for investigation.

Opinion filed July 8, 1915.

*Mr. Frank Antonsanti* for creditors favoring composition.

*Mr. Hugh R. Francis* for creditors in opposition thereto.

In the Matter of Bermudez Hermanos.

HAMILTON, Judge, delivered the following opinion:

This matter comes up on the referee's certificate of a composition. It seems this is a voluntary bankruptcy, and the bankrupt has made a proposal of composition which amounts to 10 per cent of the debts which are shown by the schedules. No opposition is filed by a creditor who has proved his claim. Several creditors who have not proved their claims appear and object.

1. In the first place, the bankrupt or the assenting creditors ask for a confirmation of the offer on the ground that there is no opposition of a creditor who has proved his claim. Ordinarily that would be a good ground in any legal proceeding. Each creditor must prove his claim in order to have a standing in court. For a great many purposes he is not a creditor at all until he has proved his claim. That is not quite clear as to a composition, because under the law the percentage offered has to go to all the creditors in the schedules, whether they have proved their claims or not. It is not certain that such a creditor may not speak in opposition.

2. However that may be, in the second place, § 12 of the Bankruptcy Law as to composition says in subdivision (d): "The judge shall confirm a composition if satisfied that (1) it is for the best interests of the creditors; (2) the bankrupt has not been guilty of any of the acts or failed to perform any of the duties which would be a bar to his discharge; and (3) the offer and its acceptance are in good faith," etc. [30 Stat. at L. 550, chap. 541, Comp. Stat. 1913, § 9596.] The referee has certified up that these different conditions apply here, with the exception of the first, about its being for the best interests

In the Matter of Bermudez Hermanos.

of the creditors. I think he certifies that the necessary majority have filed their assent, etc. The statute then makes it obligatory upon the judge to be satisfied that the composition is to the best interests of the creditors. This is an old prerequisite, which obtained under the preceding laws. "The point usually made is that the offer is less than would be realized on a sale of the assets in bankruptcy. It is the duty of the court to investigate the facts, independently of any agreement or composition the creditors may have made. The approval of the majority of the creditors is evidence, *prima facie,* that the composition is for the best interests of the creditors, and the burden is upon those who attack it to show the contrary. There must be a positive showing to rebut the presumption that the action of the majority is for the interest of all; yet any gross discrepancy between the offer and the amount to be reasonably expected from the sale of the assets will justify a refusal to confirm; but where the difference is but slight and necessarily problematical, the composition should be confirmed. . . . In the nature of things, each case must turn on its own facts." Collier, Bankr. 10th ed. p. 297. So that the question is one for the court to decide, regardless of the matter of opposition.

3. In the third place, what is before the court? Prima facie, the recommendation and the approval of the majority of creditors are evidence that it is for the best interests of the creditors, as provided in the statute, but it is prima facie only. The referee has not recommended this settlement at all. He is not required by law to recommend it. He is to report only certain things, the filing of the schedules, the examination, offer, acceptance, consideration, deposit, list of creditors, etc. He has reported this. It would be a great assistance to the court,

however, if it had his approval of the composition, because the referee necessarily is better acquainted with the property and with the creditors and with all bankruptcy proceedings than the court can be. That is one unsatisfactory element in the case. Another which strikes the court very forcibly is this: This is a voluntary bankruptcy, and the schedules are sworn to by the man who is now making the offer of compromise, and these schedules show in the summary at the end: Assets, $12,927.33, of which the principal element is stock in trade, $10,000. The debts scheduled amount to $24,698.33. So that on the showing sworn to by the bankrupt himself the assets are over 50 per cent of the liabilities. It is true, no doubt, that there will be a shrinkage, but nevertheless this is all the court has before it, except the recommendation of the majority of the proved claims in value and in number. The offer made is 10 per cent, payable in very small instalments scattered over a considerable length of time; to wit 3 per cent on the 1st day of October, 1915; 3 per cent January 1, 1916; 4 per cent April 1, 1916.

The court cannot say that it is satisfied from what is before it that the offer is for the best interests of the creditors. If the schedule valuation is cut in half, there would still be room for a considerably better offer. Of course, the court would not undertake to say that that much could be realized, but it has to take the showing before it, and the showing is sworn to by the debtor himself. It seems to me that I need more light upon the subject of whether it is to the best interests of the creditors. That not having been certified by the referee, I refer the matter back to him to ascertain and report on that point, as to whether the composition offered is for the best interests of

In the Matter of Bermudez Hermanos.

the creditors. It may not be his duty ordinarily to ascertain and report this, but certainly it is his duty to assist the court in matters that the court needs light on, and the court does need light on that. The court cannot say from the papers that it is to the best interests of the creditors, so the matter is referred to the referee to report on that matter.